GEORGE FREDERICKS, AS RECEIVER, ETC., OF HENRY. NIVER, APPELLANT, *v.* HENRY NIVER AND POLLY NIVER, RESPONDENTS.

*Supplementary proceedings — appointment of a receiver — where the order must be filed — Old Code, sec. 298 — when a person beneficially interested can be compelled to pay the costs — Code of Civil Procedure, sec. 3247.*

Section 298 of the old Code provided that whenever a receiver of the property of a judgment-debtor was appointed, the order should be filed in the office of the clerk of the county where the judgment-roll in the action was filed, and recorded by the clerk in a book to be kept for that purpose. It further provided that, before the receiver should be vested with any real property of such judgment-debtor, a certified copy of said order should be filed and recorded in the office of the clerk of the county in which any real estate of such judgment-debtor sought to be affected thereby is situated, and also in the office of the county in which such judgment-debtor resides.

*Held,* that when the judgment-debtor resided and the real estate sought to be affected were situated in the same county in which the judgment-roll was filed, that it was only necessary to have the original order filed and recorded therein, and that it was not necessary to have a certified copy thereof also filed and recorded. (BOCKES, J., dissenting.)

An order compelling a person to pay costs, as being the person beneficially interested in the recovery, cannot be made until after a judgment against the plaintiff for the costs has been perfected.

APPEAL from a judgment dismissing the complaint, entered upon an order made at the Columbia Circuit, and from an order made at Special Term, granting costs to the defendants to be collected from Henry L. Miller as the person for whom the action was brought and who was beneficially interested therein.

The action was brought by the plaintiff as receiver appointed in supplementary proceedings, to have certain real and personal property adjudged to be subject to the judgment obtained by Henry L. Miller against Henry Niver, which property it was alleged had been fraudulently conveyed to Polly Niver. The defendants objected that a certified copy of the order appointing the receiver had not been filed and recorded in pursuance of the statute. (Code of Pro., § 298.)

The land sought to be affected was situated and the judgment-debtor resided in the county in which the judgment-roll was filed,

viz., Columbia county. The order was filed and recorded in that county.

*W. II. Silvernail,* for the appellant.

*S. L. Magoun,* for the respondents.

LEARNED, P. J.:

We are unable to give to section 298 of the old Code the construction put upon it by the learned justice. It requires the filing and recording of the order appointing a receiver in the office of the clerk of the county where the judgment-roll is filed. And it then requires the filing and recording of a certified copy of the order, in the office of the clerk of the county in which is situated any real estate of the debtor sought to be affected, and also in the office of the clerk of the county in which the debtor resides, before the receiver shall be vested with any real property.

Now where the real property is situated in the same county in which the debtor resides, it is plain that it could not be necessary to file and record such a certified copy twice. And so when the property is situated in the same county in which the debtor resides, and which is also the same county in which the judgment-roll is filed, the filing and recording of the order once, is all that is needed.

The very words "a certified copy" show that the filing and recording spoken of were to be in some county, other than that in which the judgment-roll is filed and in which the order of appointment is first to be filed and recorded. It would be absurd that a county clerk should certify to himself a copy of an order recorded in his own office, and then file and record a second time that certified copy.

The object is, that the examination of titles shall be facilitated; that land shall not be affected by the appointment of a receiver, without having the record of such appointment in that very county where the land lies; and, for further protection, that such record shall also be where the debtor resides.

But when the judgment-roll is already in that county and the order has been already filed and recorded there, the end has been accomplished. To give any other construction to the section would be to require a useless ceremony. Such a construction should not

be given if possible. It seems to us that the section, as we construe it, is in harmony with the general system of docketing judgments, under which a certified copy of the docket is sent to any county where the plaintiff desires to have a lien on real estate.

The plaintiff also urges that even in the view taken by the learned justice, the plaintiff should have been allowed to go on with his case in respect to the personal property. This is evidently correct. Probably the learned justice overlooked the fact, that the complaint concerned personal as well as real property.

These views may render it unnecessary to consider the other point raised on this appeal.

But we are of opinion that the motion to compel Miller to pay the costs as a person beneficially interested in the recovery was premature; in that it was made before the judgment for costs against the plaintiff had been perfected. (Sec. 3247.) This is the more evident as this was an equity action, and it does not appear, that, at the time of making this motion, the court which had tried the case had awarded costs to any one. (Sec. 3230.)

The judgment must be reversed, and a new trial awarded, costs to abide event, and the order awarding costs against Miller reversed, with ten dollars costs and printing disbursements.

BOCKES, J.:

This construction is in direct conflict with the *express words* of the statute. I think it judicial legislation. It declares what the statute should be, disregarding what it is.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed, new trial ordered, costs to abide event.